IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTONIO HICKS                                                              PLAINTIFF

v.                                    Civil No. 6:25-cv-06139-SOH-MEF

ORCU
(Malvern)                                                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  The case was directly assigned

to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the

action have consented to the jurisdiction of the undersigned.  *See* 28 U.S.C. § 636(c).  Accordingly,

the case will automatically be reassigned to United States District Judge Susan O. Hickey and

referred to the undersigned for a report and recommendation pursuant to the provisions of 28

U.S.C. §§ 636(b)(1) and (3).  Currently before the Court is Plaintiff's failure to obey three Court

Orders and failure to prosecute this case.

### I.      BACKGROUND

Mr. Hicks was named as a Plaintiff in a multi-plaintiff case filed in the Eastern District of

Arkansas.  (ECF No. 1).  Individual cases were opened for each named Defendant in the Eastern

District, and then the case was transferred to this District on December 29, 2025.  (ECF No. 3).

On January 12, 2026, the Court entered an Order directing Plaintiff to submit an *in forma pauperis*

("IFP") application or pay the filing fee by February 2, 2026.  (ECF No. 5).  The Court also entered

an Order directing Plaintiff to submit an Amended Complaint by February 2, 2026.  (ECF No. 6).

When Plaintiff failed to submit an IFP application or pay the filing fee, and he also failed to submit

an Amended Complaint, the Court entered a Show Cause Order.  (ECF No. 7).  Plaintiff was

directed to respond by February 24, 2026.  (*Id*.).  All three Orders advised Plaintiff that failure to

1

respond would result in the dismissal of his case. None of these Orders were returned as undeliverable. To date, Plaintiff has not submitted a response to any of the three Orders. Nor has he communicated with the Court since the case was transferred to this District.

## II.      LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.   ...   If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.      ANALYSIS

Plaintiff has failed to comply with three Court Orders. Plaintiff has, therefore, failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.     CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in a waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of March 2026.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE